State, ex rel. Mason, v. Mayor, &c., of Paterson.

---

THE STATE, EX REL. EDWIN R. MASON, v. THE MAYOR AND ALDERMEN OF THE CITY OF PATERSON.

Under the charter of the city of Paterson, an appointment of a city treasurer, by less than a majority of the whole number of aldermen, is unlawful and void; and the treasurer who has been ousted by such illegal act may be restored to his office by a writ of peremptory mandamus.

On application for a *mandamus.*

The relator, Edwin R. Mason, claims that on the 18th day of May, 1870, he was duly elected by the board of aldermen of the city of Paterson, treasurer of the city, and that he was duly qualified, and served in said office, and still holds the same, but that certain members of the board of aldermen, assuming to be a legally constituted board, have appointed one James Dunn to succeed him as treasurer, and are now permitting him to act, and placing in his hands the funds of said city, although such appointment is null and void.

The relator has applied to the court for a peremptory *mandamus* to restore him to his office.

The application was heard before Justices BEDLE, WOOD-HULL, and SCUDDER.

For applicant, *A. B. Woodruff.*

For defendant, ——— ———.

The opinion of the court was delivered by

SCUDDER, J. There is no question that the relator was duly appointed by a legal board of aldermen, treasurer of the city of Paterson, and that he was duly qualified in all respects according to law, entered upon the office, and served until the attempt was made to supersede him by those claiming to be a legal board of aldermen.

He was appointed May 18th, 1870, and by the fifteenth section of the charter of 1869, (*Laws, p.* 713,) he "shall continue in office until his office be declared vacant, or until another person shall be appointed to succeed him and shall enter upon the duties of his office."

The office has not been declared vacant; but it is said another person has been appointed to succeed him.

There is no change made in this holding by the new charter of 1871, for the one hundred and seventy-second section

enacts, " that every person now holding any office in said city according to law, shall be entitled to hold the same, and be required to perform all the duties thereof, with such additional duties, powers, and restrictions, if any, as may be conferred or imposed by this act, for the full term for which he was elected, subject only to be removed from his said office of city treasurer according to law."

But there is no question on these matters; the important inquiry relates to the subsequent act by certain aldermen in making a new appointment of James Dunn as city treasurer.

The new charter was approved March 23d, 1871. By it the ninth ward was stricken out, and the city re-districted, so that eight wards comprised the whole city.

Pursuant to the charter, an election was held on the second Monday of April last, for officers of said city. There was no return of election for the eighth ward, because the ballot-box was broken open and destroyed by a mob.

The failure to elect an alderman in that ward, left Peter Kelly, one of the two alderman of that ward, still holding over under the terms of the charter.

On the third Monday of April last, when the board of aldermen met to organize, Peter Kelly appeared and claimed his seat, but the clerk of the city would not put his name on the list, and eight aldermen refused to recognize said Kelly as an alderman, and have ever since refused to do so. After the appointment of a presiding officer, seven aldermen sympathizing with Kelly, withdrew from the meeting, and have since refused to meet with the other aldermen. Hence we have this state of things. The board is composed of sixteen aldermen, two representing each ward; one, Peter Kelly, is refused his seat; seven absenting themselves; and eight attempting to carry on the business of the city. It is impossible to speak with two much severity of such trifling with important public affairs. These seven recusant members, if they still refuse to act, should be at once compelled, by the power of this court, upon proper application, to return to

their duties. The law affords ample redress for Peter Kelly, and will give him his seat, if he be legally entitled to it; and these seven men have no right to constitute themselves his judges, however right they may be in their judgment, and thereby embarrass the affairs of a great city, which they are elected faithfully and honestly to represent.

In this dilemma, eight members of the board of aldermen proceed to act for the city. There is a less number than a majority of the whole board. Can they legally do any act as a board of aldermen? The answer will be found in the charter of the city.

The twenty-first section of the act of 1871 enacts that "the legislative power of the said corporation shall continue to be vested in a board of aldermen, composed of two aldermen from each ward, divided into two classes, as heretofore, and who shall constitute and be called the board of aldermen of the city of Paterson."

The twenty-second section, among other things, enacts that "a majority of the whole number of members of said board shall constitute a quorum for the transaction of business, but any number may adjourn from time to time."

Thus constituted, the board of aldermen, in addition to their legislative powers, have the power of appointing certain officers of the city, among them the city treasurer. (*Section* 12.) By this section it is enacted "that the board of aldermen, at the first regular meeting in May, in each year, or within three months thereafter, shall, by the vote of a majority of its members, appoint a clerk of the board of aldermen, a comptroller, a city treasurer," &c.

On Monday, the 1st day of May, the eight remaining aldermen met, and appointed one James Dunn, city treasurer.

It does not need more than the mere statement of the above provisions of the charter to demonstrate that this number of aldermen could transact no business, and could only adjourn. There must be a majority of the whole board present; nine is a majority of sixteen aldermen, and any business transacted

State, ex rel. Mason, v. Mayor, &c., of Paterson.

by a less number in behalf of the city of Paterson, is a mere nullity.

The principle is so well settled that it is difficult to select, among the many authorities that may be cited in support of the position, that the general rule is, that to make a quorum of a select and definite body of men possessing the power to elect, a majority at least must be present, and then a majority of the quorum may decide. The distinction is between a corporate act to be done by a select body, and one to be performed by the constituent members. In the latter case, a majority of those who appear may act. *Willcocks, ex parte*, 7 *Cow.* 409, and note; *King* v. *Miller*, 6 *Term R.* 269; *King* v. *Bellringer*, 4 *Term R.* 810; *Willcock on Corp.* \*40, 50— \*52, 93—\*62, 93; *Angell & Ames on Corp.* 501, &c.; *Grant on Corp.* 68.

It does not help the case that the mayor is acting with the eight aldermen in conducting the affairs of the city; because the board of aldermen, as an integral part of the city government, can only be represented by a majority of its members; for where a corporate body is composed of several integral members, each must be represented by a majority in the transaction of the business, in the absence of any statutory provision to the contrary.

Objection was raised to the use of the writ of *mandamus* in this case, because it was said that James Dunn is in office by color of right, and the court will not, therefore, admit another person who claims to have been duly elected. The proper remedy is by information in the nature of a *quo warranto*. *People* v. *New York*, 3 *Johns. Cases* 79.

But this is not the case of attempting to oust from office by *mandamus*, a person who is in by color of right. There is no right here. The pretended appointment is a mere nullity. There was no appointing board, and those who attempted to act had no authority. The applicant here is clearly still in office by legal appointment, and the effort is to oust him without legal authority. He has a right to this remedy by *mandamus*. *Fish* v. *Weatherwax*, 2 *Johns. Cases* 217–56, 42, 43.

State, ex. rel. Mason, v. Mayor, &c., of Paterson.

The *mandamus* should also, in this case, be peremptory in the first instance, for there is no dispute as to the facts, and the right is clear and indisputable. The case has already been fully heard before the court, and counsel representing all parties have presented the cause with commendable expression of a desire for the speedy determination of those questions which now impede the due administration of the affairs of the city. The acting aldermen, with the mayor, are about to issue bonds to the amount of $100,000, and put them, or their proceeds, into the hands of the said James Dunn, as city treasurer, for disbursement. The situation admits of no delay, and, under these peculiar circumstances of necessity, I have no doubt of the legal power and the duty of this court to make the writ peremptory, to avoid further embarrassment.

It is much regretted that, by this action of the court, both in the case of Peter Kelly and in this case, a temporary success may follow the violent acts of those who destroyed the ballot-box and defeated an election. However this may be, and whether this was done in the interest of the parties now holding over these offices, or in the heat of political excitement for other motives, this court do not know, and must settle this question as it is now presented to us, leaving these violators of the law to the severe penalties prescribed for those who forcibly prevent an expression of the popular will through the ballot-box.

Let a peremptory *mandamus* be issued, directed to the mayor and board of aldermen of the city of Paterson, commanding them, and each of them, to restore the said Edwin R. Mason into the place and office of treasurer of the city of Paterson, pursuant to the charter of said city, together with all the liberties, privileges, and franchises to the said place and office belonging and appertaining.

*Mandamus* issued accordingly.